UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

PACER Cover Sheet
for Electronically Filed Documents

Any data shown here are current as of 06/10/06. Any element of information on this form, except the received date, is subject to change as changes may be made to the Court's official docket.

| | |
|---|---|
| Case Title: | Armstrong v. New Mexico Golf Academy, LLC |
| Case Number: | 04-01221 |

## Document Information

| | |
|---|---|
| Description: | Order Granting [3-1] Motion to Remand by Armstrong . |
| Received on: | 2005-05-02 09:23:12.000 |
| Date Filed: | 2005-05-02 00:00:00.000 |
| Date Entered On Docket: | 2005-05-02 00:00:00.000 |

## Filer Information

| | |
|---|---|
| Submitted By: | Ellen Snyder |

**If this form is attached to the document identified above, it serves as an endorsed copy of the document as it existed on the above date. To confirm that nothing has changed since then, review the docket.**

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW MEXICO

In re:

    New Mexico Golf Academy, LLC,                     No. 11-04-15974 MA
    Debtor.

**Gary Armstrong,**
    Plaintiff,

v.                                               Adv. No. 04-1221 M

**New Mexico Golf Academy, LLC, Robert D. Custer, and I.B. Hoover,**
    Defendants.

## ORDER GRANTING MOTION TO REMAND

THIS MATTER is before the Court on the Motion to Remand ("Motion") filed on February 1, 2005 by Plaintiff Gary Armstrong through his attorney the Behles Law Firm, P.C. (Jennie Deden Behles). The Debtor/Defendant, New Mexico Golf Academy ("NMGA"), filed a Response to the Motion on February 21, 2005 through its attorneys Lewis & Roca Jontz Dawe LLP (R. Thomas Dawe) and George "Dave" Giddens. A hearing was held on March 31, 2005 after which the Court took the matter under advisement. After considering the pleadings, arguments and being otherwise sufficiently informed, the Court will grant the Motion.

### Discussion

NMGA filed a voluntary Chapter 11 petition on August 16, 2004. The Notice of Removal in this proceeding was timely filed on October 29, 2004. *See* Rule 9027(a)(2), Fed. R. Bankr. P.(removal timely if filed 90 days after bankruptcy petition or 30 days after stay relief entered, whichever is later).

1

Plaintiff initiated this proceeding by filing a Complaint for Declaratory Judgment, Breach of Contract and Money Damages on May 6, 2003 (the "Complaint") in the Second Judicial District Court, Bernalillo County, New Mexico, against NMGA, Robert D. Custer and I.B. Hoover.  The Complaint alleges that in 1999, Plaintiff was an originating member of the Debtor, NMGA, a limited liability company.  Plaintiff also alleges that by mutual agreement in exchange for his work as an originating member, the individual Defendants (Hoover and Custer) promised that he would receive a 12% ownership interest in NMGA.  Plaintiff requests declaratory judgment that he has a 12% interest in NMGA.  Alternatively, Plaintiff requests a judgment for money damages in quantum meruit for the value of the work he performed in exchange for the promise of the ownership interest.  Plaintiff further requests money damages, including punitive damages, for prima facie tort due to NMGA's and the other Defendants' intentional and wrongful deprivation of Plaintiff's ownership interest; and money damages against the individual Defendants (Hoover and Custer) for interference with prospective contractual advantage.  This Court entered an Order Modifying Automatic Stay on January 25, 2005 allowing the parties to proceed in state court up to and including entry of judgment.  Thereafter, on February 25, 2005, the state court entered an order granting Defendant Custer's Motion for Summary Judgment dismissing this proceeding against him with prejudice.

Remand is governed by 28 U.S.C. § 1452(b), which provides, in relevant part:

> The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground.

Because remand can be based on "any equitable ground" courts often apply the standards enumerated in the abstention statute when considering motions to remand.  *See, e.g., Personette v. Kennedy (In re*

2

*Midgard Corp.),* 204 B.R. 764, 775 (10th Cir. BAP 1997) (finding that if abstention is required under § 1334(c)(2), a court should remand to state court); *In re Premier Hotel Development Group,* 270 B.R. 243, 258 (Bankr.E.D. Tenn. 2001) ("'The presence of factors suggesting discretionary abstention pursuant to 1334(c)(1) and factors requiring mandatory abstention under 1334(c)2) provides ample equitable grounds for remand of the lawsuit to state court.'") (quoting *Roddam v. Metro Loans, Inc. (In re Roddam),* 193 B.R. 971, 981 (Bankr.N.D.Ala. 1996) (citation omitted)). Factors to consider for permissive abstention include:

> (1) effect of abstention on the efficient administration of the bankruptcy estate;
> (2) extent to which state law issues dominate
> (3) difficulty or unsettled nature of applicable law
> (4) presence of related state court proceeding;
> (5) existence of alternate federal jurisdictional basis;
> (6) relatedness or remoteness of proceeding to main bankruptcy case;
> (7) substance rather than the form of asserted "core" proceeding;
> (8) feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court;
> (9) burden on bankruptcy court's docket;
> (10) likelihood that commencement of proceeding in bankruptcy court involves forum shopping by one of the parties, and,
> (11) presence in proceeding of nondebtor parties.

*Hatchrite Corp. v. Chesterfield Financial (In re Hatchrite Corp.),* 211 B.R. 58, 62 (Bankr. E.D. Okla. 1997)(citing *In re Chicago Milwaukee, St. Paul & Pacific R. Co.,* 6 F.3d 1184 (7th Cir. 1993).

Similarly, other equitable factors relevant to the question of remand include:

Whether there will be a duplication of judicial resources. Whether there will be an uneconomical use of judicial resources. What the effect of remand would have on the administration of the bankruptcy estate. Whether the case concerns questions of state law better addressed by the state court. Whether comity requires a remand. Whether there would be any prejudice to those parties involuntarily removed. Whether remand would lessen the

possibility of inconsistent results. What is the expertise of the originating court. *Bethesda Boys Ranch v. Atlantic Richfield Company,* 208 B.R. 980, 984 n.1 (N.D. Okla.1997) (citing *River Cement Co. v. Bangert Bros. Const. Co.,* 852 F.Supp 25, 27 (D. Colo. 1994).

The majority of the factors outlined above weigh in favor of remanding this proceeding to state court. The claims invoke state law principles of contract and tort. This is a dispute over whether Plaintiff is entitled to an ownership interest in NMGA resulting from an alleged agreement with the principals of NMGA that the Plaintiff would receive an ownership interest in NMGA in exchange for work performed. If such an agreement is found not to have existed, Plaintiff may be entitled to money damages under the theory of quantum meruit for the value of his services to the Defendants. The question of whether Plaintiff owns a 12% equity interest in NMGA has little effect on NMGA's bankruptcy estate because the creditors will be the primary recipients of the estate assets. *See* Elizabeth Warren, *A Theory of Absolute Priority*, 1991, Annual Survey of American Law 9 (1991), *appended to*, *In re BMW Group I, Ltd.*, 168 B.R. 731, 734 (Bankr. W.D. Okla. 1994)("At the heart of corporate law is a fundamental ordering between the equity owners and the creditors: in the event of collapse, creditors will be paid in full before equity well receive any distribution from the company. That ordering is also a crucial part of the bankruptcy reorganization scheme, . . ."). In the alternative, Plaintiff might receive an award damages, either in quantum meruit and/or for tortious conduct. A damages award against NMGA would give rise to a non-priority unsecured claim against the bankruptcy estate, but any damage award that may be entered against the remaining Defendant, Hoover, is irrelevant to the bankruptcy. *See Bethesda Boys Ranch*, 208 B.R. at 984 (remanding case involving apportionment of joint and several liability among tortfeasors, one of which was in

bankruptcy).

Allowing the state court to adjudicate the dispute between these parties will not prevent the bankruptcy proceeding from moving forward. NMGA has stated that it is likely to propose a liquidating plan. NMGA could sell its assets, consisting primarily of a lease agreement with the City of Albuquerque, and later resolve any claim Plaintiff may have to assets of the estate. Moreover, there is no independent reason for federal court jurisdiction apart from the bankruptcy. The state court has presided over this dispute since May 2003, and has made several rulings, including the grant of summary judgment in favor of Defendant Custer dismissing him from the case. There is no evidence that the state court cannot timely adjudicate this proceeding and as stated above, the effect on the administration of the estate is minimal. *See Midgard*, 204 B.R. at 779 (finding that issue of whether state court action can be timely adjudicated is intertwined with determination that bankruptcy administration will not be impaired by proceeding in state forum). Therefore, remanding the proceeding to state court would be a more economical use of judicial resources.

Based on the foregoing, the Court concludes that this proceeding should be remanded to state court in accordance with 28 U.S.C. § 1452.

WHEREFORE, IT IS HEREBY ORDERED that the Motion to Remand is GRANTED.

_____
MARK B. McFEELEY
UNITED STATES BANKRUPTCY JUDGE

I certify that on the date shown on the attached document verification, a true and correct copy of the foregoing was either electronically transmitted, faxed, delivered or mailed to the listed counsel and/or parties.

5

Case 04-01221-m    Doc 12    Filed 05/02/05    Entered 05/02/05 15:17:00 Page 6 of 7

Jennie Deden Behles
Attorney for Plaintiff
P.O. Box 7070
Albuquerque, NM 87194

George "Dave" Giddens
Attorney for NMGA
10400 Academy NE, Suite 350
Albuquerque, NM 87111

R. Thomas Dawe
Attorney for NMGA
P.O. Box 1027
Albuquerque, NM 87103

Briggs F. Cheney
Attorney for Custer
P.O. Box 271
Albuquerque, NM 87103

*/s/ Ellen C. Snyder*
Ellen C. Snyder
Law Clerk